Bruce E. Baldinger, Esq. (BB-8715)
**The Law Offices of Bruce E. Baldinger, LLC**
365 South Street
Morristown, NJ 07960
bbaldinger@baldingerlaw.com
Attorneys for Plaintiff John Hanson

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

------------------------------------x

JOHN HANSON,

      Plaintiff,               Civil Action No.

against

ANTHONY CORALLO and RIGGING
CONSULTANTS, INC.,
                                 **COMPLAINT AND**
      Defendants             **DEMAND FOR JURY TRIAL**

------------------------------------x

      Plaintiff, John Hanson, by way of complaint against Defendants, Anthony Corallo and Rigging Consultants, Inc., states as follows:

**JURISDICTION AND VENUE**

      1.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 as this action seeks, among other relief, monetary damages resulting from the Defendants' actions in an amount exceeding $75,000.00, and there is complete diversity of citizenship between Plaintiff and all Defendants.

      2.      Venue is properly placed in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

3. Plaintiff John Hanson is an individual and a citizen of the State of New Jersey, and is a shareholder of Defendant Rigging Consultants, Inc. Until his wrongful termination from employment as set forth in this Complaint, Plaintiff was employed by Rigging Consultants, Inc.

4. Defendant Anthony Corallo is an individual and a citizen of the State of New York and is the President and majority shareholder of Rigging Consultants, Inc.

5. Defendant Rigging Consultants, Inc. (hereinafter "Rigging" or the "Company") is a corporation formed in the State of New York, with its principal office in the Bronx, New York, which does business in the States of New York and New Jersey. Rigging is involved primarily in the business of selling and renting scaffolding equipment and consulting with customers with regard to the use of same.

## FACTUAL BACKGROUND TO ALL COUNTS

6. On or about January 6, 2012, Defendants Rigging and Corallo entered into a written agreement with Plaintiff whereby Plaintiff was employed as Vice President of Rigging (hereinafter, the "Employment Agreement").

7. The Employment Agreement provides in pertinent part that Plaintiff is to receive certain shares of stock of Rigging in compensation for services rendered, in addition to the nominal salary paid to Plaintiff. The schedule set forth in the Employment Agreement for issuance of shares to Plaintiff is as follows:

- Ten percent (10%) of Rigging's shares on July 1, 2012;
- Ten percent (10%) of Rigging's shares (for a total of 20%) on July 1, 2013;
- Ten percent (10%) of Rigging's shares (for a total of 30%) on July 1, 2014;
- Ten percent (10%) of Rigging's shares (for a total of 40%) on July 1, 2015;
- Ten percent (10%) of Rigging's shares (for a total of 49%) on July 1, 2016.

2

8. Plaintiff proceeded to work for Rigging in the areas of operations and sales, and performed all duties required of him.

9. The shares due and owing to Plaintiff under the Employment Agreement for 2012 and 2013 were issued on or about July 1, 2013, as memorialized in the Company's stock certificate number 5, in the amount of 40 shares. The certificate states that the total authorized issue of Rigging stock is 200 shares. Accordingly, by virtue of stock certificate number 5, Plaintiff is the owner of at least 20% of the outstanding stock of Rigging.

10. In the course of performing his duties for the Company, Plaintiff became concerned that Defendant Corallo was drawing excessive compensation from the Company, including withdrawals of cash from the Company account, and that there was no defined compensation plan. As a result of these concerns, in or around January of 2013, Plaintiff prepared a schedule (hereinafter the "Compensation Schedule") indicating among other things the amount of compensation that each of Plaintiff and Defendant Corallo would receive from the Company through 2016, and the impact of said compensation on the respective share ownership of the two shareholders. Among other things, the Compensation Schedule provided that Defendant Corallo's compensation would be equal to the sum of Plaintiff's compensation plus Plaintiff's "ownership contribution (sweat equity)." The Compensation Schedule thus confirmed and further defined the parties' original agreement that Plaintiff would receive a nominal salary in exchange for stock in the Company. Defendant Corallo verbally agreed to use the Compensation Schedule as a guideline. It later transpired that Plaintiff's estimate of the funds drawn from the Company by Defendant Corallo in 2012, which is reflected in the Compensation Schedule, was grossly underestimated and that Defendant Corallo had in fact received a much greater amount of funds, without Plaintiff's knowledge.

3

11. Plaintiff proceeded to abide by the Compensation Schedule, and Defendant Corallo reduced his cash withdrawals, but increased the compensation that the Company paid to him by check, and paid numerous personal and household expenses from Company funds. During the course of 2013, it became apparent to Plaintiff that Defendant was continuing to take excessive compensation and to pay for personal expenses from Company funds without the agreement of Plaintiff. Upon information and belief, personal expenses paid from Company funds included but were not limited to Corallo's wife's car payments, fuel and other vehicle expenses, and her cell phone. Plaintiff expressed concern about this conduct to Defendant Corallo on several occasions, but the unauthorized and excessive payments continued.

12. In or around January of 2014, Plaintiff again expressed concerns to Defendant Corallo regarding Defendant's wrongful conduct. Plaintiff specifically expressed concern, as he had in the past, that the Company was unable to afford the compensation and expenses being taken by Corallo and that this conduct was harming the value of the Company and its ability to conduct business, causing a direct financial detriment to Plaintiff. As a result of that conversation, Defendant Corallo removed from Plaintiff the responsibility of managing the Company's funds.

13. In or around March of 2014, Plaintiff spoke with Defendant Corallo and again expressed serious concern about Corallo's wrongful conduct. Plaintiff again asked Defendant Corallo to adhere to a reasonable payment plan and stated that if he would not, Defendants should purchase Plaintiff's shares in the Company. Defendant Corallo suggested that he buy out Plaintiff's stock in the Company, but did not offer a fair price for the shares.

14. Subsequent to that conversation, Defendant Corallo further reduced Plaintiff's job responsibilities and began making it progressively more difficult for Plaintiff to perform work for the

Company, including but not limited to removing Plaintiff's access to the Company's books and records, removing Plaintiff as a signer on the Company's bank account, and essentially ceasing communications with Plaintiff so as to make it impossible for Plaintiff to effectively perform his prescribed duties for the Company. At all times relevant, Plaintiff remained ready, willing and able to perform his duties, and made that fact clear to Defendant Corallo. Plaintiff continued to perform work for the Company to the extent that Defendant Corallo would permit him to do so.

15. It has become evident that Defendant Corallo has acted with the goal of concealing his mismanagement and excessive withdrawals from the Company, and later with the additional goal of separating Plaintiff from the Company prior to July 1, 2014, for the purpose of preventing Plaintiff from receiving the additional ten (10%) of the Company's stock that he would receive on that day.

16. On June 24, 2014, Defendant Corallo, on behalf of Defendant Rigging, sent Plaintiff a letter terminating his employment. This letter was sent to Plaintiff's residence in New Jersey. This termination was clearly timed to occur before July 1, 2014, when Plaintiff would receive his next 10% of the stock of Rigging.

17. Plaintiff has nevertheless earned the 10% of the shares due to him on July 1, 2014. Further, upon information and belief, the difference in compensation between Defendant Corallo and Plaintiff has exceeded the sum of $262,000.00, which was the agreed-upon differential for Plaintiff to be entitled to his full 49 percent of the stock of Rigging. Accordingly, Plaintiff has earned a 49 percent ownership share in the Company.

**FIRST COUNT**
(Oppression of Minority Shareholder)

18. Plaintiff repeats and makes a part hereof each of the allegations set forth in

Paragraphs 1 through 17 as if the same were fully set forth at length herein.

Paragraphs 1 through 17 as if the same were fully set forth at length herein.

19. Defendant Corallo and Plaintiff are, upon information and belief, the only two shareholders of Rigging.

20. Defendant Corallo, as the majority shareholder of Rigging and the person having control of the management of the corporation, has acted fraudulently and illegally with respect to Plaintiff, has abused his authority as an officer of the Company and has acted oppressively and unfairly toward Plaintiff in Plaintiff's capacity as a shareholder, officer and employee of the Company, by his actions as aforesaid.

21. Without limiting the generality of the foregoing, Defendants have wrongfully removed Plaintiff from the management of the Company, effectively terminated Plaintiff's employment by depriving him of his responsibilities, wrongfully terminated his employment and his compensation, denied Plaintiff access to information to which he is entitled as a shareholder, wrongfully reduced and damaged the value of Plaintiff's shares by taking excessive and unauthorized compensation, looted and wasted corporate assets for the benefit of Defendant Corallo and his family, and have wilfully and recklessly dissipated and transferred corporate assets and property without just or adequate compensation.

22. By virtue of the Defendants' conduct, Plaintiff has been deprived of his rights as a shareholder and has suffered damages as well as irreparable harm.

WHEREFORE, Plaintiff John Hanson demands Judgment against the Defendants, Rigging Consultants, Inc. and Anthony Corallo, for relief as follows:

- A. Dissolution of Rigging Consultants, Inc. under the applicable corporate dissolution statute;
- B. Determination of the number of shares of the Company owned by the respective parties, including the shares held by Plaintiff and those additional shares to which

      Plaintiff is entitled by agreement and/or by operation of law, equity or otherwise;

C. Ordering the Defendants to purchase all of Plaintiff's shares in the Company for the fair value thereof, with adjustments in Plaintiff's favor due to Defendants' wrongful conduct;

D. Injunctive relief prohibiting Defendants from further dissipating the assets of the Company;

E. Imposition of a constructive trust over all income and profits of the Company;

F. Compensatory damages of no less than $500,000.00 or such other amount as the Court shall determine;

G. Punitive damages;

H. Pre-judgment and post-judgment interest;

I. Attorneys' fees;

J. Costs; and

K. Such other and further relief as the Court shall deem equitable and just.

## SECOND COUNT
(Breach of Contract - Corporate Stock)

23. Plaintiff repeats and makes a part hereof each of the allegations set forth in Paragraphs 1 through 22 as if the same were fully set forth at length herein.

24. Plaintiff has fulfilled all of his duties and taken all actions necessary to earn the 10% of the Company's stock due to him on July 1, 2014, for a total of 30 % of the Company's shares, pursuant to the agreement between the parties.

25. Further, as the result of the disparity in compensation between Defendant Corallo and Plaintiff, which the parties agreed would determine Plaintiff's entitlement to shares of the Company, Plaintiff has earned the full 49% of Company stock pursuant to the agreement between the parties.

26. Defendants have failed and refused to issue stock certificates to Plaintiff in the full amount of the stock Plaintiff has earned in accordance with his agreement with Defendants.

27. Monetary damages will be insufficient to fully compensate Plaintiff for the Defendants' breach of contract as aforesaid.

WHEREFORE, Plaintiff John Hanson demands Judgment against the Defendants, Rigging

Consultants, Inc. and Anthony Corallo, for relief as follows:

    A.    Declaratory Judgment determining that Plaintiff is the owner of a number of shares in the Company equivalent to 49% of the Company's authorized shares, or such other quantity of the shares as determined by the Court;

    B.    Requiring Defendants to issue additional share certificates to Plaintiff equivalent to the number of shares to which he is entitled;

    C.    Imposition of a constructive trust over all the outstanding and authorized shares of the Company's stock pending a determination of the number of shares justly owned by Plaintiff;

    D.    Specific performance of Defendants' agreement with Plaintiff with respect to the issuance of corporate stock.

    E.    Attorneys' fees;

    F.    Costs; and

    G.    Such other and further relief as the Court shall deem equitable and just.

## THIRD COUNT
(Wrongful Termination – Breach of Contract)

28. Plaintiff repeats and makes a part hereof each of the allegations set forth in Paragraphs 1 through 27 as if the same were fully set forth at length herein.

29. Defendants agreed that Plaintiff would continue in his employment as long as he continued to fulfill his duties to the Company.

30. At all times relevant hereto, Plaintiff fulfilled his duties to the Company and when Defendants began preventing him from performing certain duties, remained ready, willing and able to perform those duties, and continued to perform those responsibilities that Defendants did not bar him from performing.

31. Defendants wrongfully terminated Plaintiff's employment without good cause.

32. As a result of Defendant's wrongful conduct, Plaintiff has sustained substantial damages.

33. Defendants' actions as aforesaid were wilful, wanton, intentional, deliberate and taken

with the intention of damaging Plaintiff.

WHEREFORE, Plaintiff John Hanson demands Judgment against the Defendants, Rigging Consultants, Inc. and Anthony Corallo, for relief as follows:

A. Compensatory damages of no less than $500,000.00 or such other amount as the Court shall determine;
B. Punitive damages;
C. Pre-judgment and post-judgment interest;
D. Attorneys' fees;
E. Costs; and
F. Such other and further relief as the Court shall deem equitable and just.

## FOURTH COUNT
(Wrongful Termination – Wrongful Motive)

34. Plaintiff repeats and makes a part hereof each of the allegations set forth in Paragraphs 1 through 33 as if the same were fully set forth at length herein.

35. Defendants wrongfully terminated Plaintiff's employment with the Company, based upon improper motives.

36. Without limiting the generality of the foregoing, Defendants wrongfully terminated Plaintiff's employment for the purpose of being able to argue at a later time that Plaintiff did not earn the 10% of stock that he was entitled to on July 1, 2014, and for the purpose of creating financial pressure upon the Plaintiff to coerce him into selling his stock in the Company for a price far below the fair value thereof.

37. At all times relevant hereto, Plaintiff fulfilled his duties to the Company and when Defendants began preventing him from performing certain duties, remained ready, willing and able to perform those duties, and continued to perform those responsibilities that Defendants did not bar him from performing.

38. Defendants wrongfully terminated Plaintiff's employment without good cause.

39. As a result of Defendant's wrongful conduct, Plaintiff has sustained substantial damages.

40. Defendants' actions as aforesaid were wilful, wanton, intentional, deliberate and taken with the intention of damaging Plaintiff.

WHEREFORE, Plaintiff John Hanson demands Judgment against the Defendants, Rigging Consultants, Inc. and Anthony Corallo, for relief as follows:

A. Compensatory damages of no less than $500,000.00 or such other amount as the Court shall determine;
B. Punitive damages;
C. Pre-judgment and post-judgment interest;
D. Attorneys' fees;
E. Costs; and
F. Such other and further relief as the Court shall deem equitable and just.

## FIFTH COUNT
(Tortious Interference with Contractual and Business Relations)

41. Plaintiff repeats and makes a part hereof each of the allegations set forth in Paragraphs 1 through 40 as if the same were fully set forth at length herein.

42. Plaintiff has a contractual and business relationship with Defendant Rigging Consultants whereby he was to continue to be employed by the Company and was to receive certain stock as agreed to between the parties.

43. Defendant Corallo wrongfully and tortuously interfered with the contractual and business relationship between Plaintiff and Defendant Rigging in numerous ways, including but not limited to abusing his management authority to obtain the termination of Plaintiff's employment as well as the wrongful withholding of the shares of corporate stock to which Plaintiff is entitled.

44. As a result of Defendant's wrongful conduct, Plaintiff has sustained substantial damages.

45. Defendants' actions as aforesaid were wilful, wanton, intentional, deliberate and taken with the intention of damaging Plaintiff.

WHEREFORE, Plaintiff John Hanson demands Judgment against the Defendants, Rigging Consultants, Inc. and Anthony Corallo, for relief as follows:

- A. Compensatory damages of no less than $500,000.00 or such other amount as the Court shall determine;
- B. Punitive damages;
- C. Pre-judgment and post-judgment interest;
- D. Attorneys' fees;
- E. Costs; and
- F. Such other and further relief as the Court shall deem equitable and just.

## SIXTH COUNT
(Refusal to Permit Inspection of Books and Records)

46. Plaintiff repeats and makes a part hereof each of the allegations set forth in Paragraphs 1 through 45 as if the same were fully set forth at length herein.

47. Defendants have refused to permit Plaintiff to inspect corporate books and records which Plaintiff is entitled to inspect under applicable state law.

48. In so doing, Defendants have wrongfully deprived Plaintiff of his rights as a shareholder of the Company.

49. As a result of Defendant's wrongful conduct, Plaintiff has sustained substantial damages.

50. Defendants' actions as aforesaid were wilful, wanton, intentional, deliberate and taken with the intention of damaging Plaintiff.

WHEREFORE, Plaintiff John Hanson demands Judgment against the Defendants, Rigging Consultants, Inc. and Anthony Corallo, for relief as follows:

- A. Directing that Plaintiff and/or his agents, representatives and designees per provided with full and complete access to all of the Company's books and records, with the ability to copy same;
- B. Compensatory damages of no less than $500,000.00 or such other amount as the Court shall determine;
- C. Punitive damages;
- D. Pre-judgment and post-judgment interest;
- E. Attorneys' fees;
- F. Costs; and
- G. Such other and further relief as the Court shall deem equitable and just.

## SEVENTH COUNT
(Breach of Fiduciary Duty)

51. Plaintiff repeats and makes a part hereof each of the allegations set forth in Paragraphs 1 through 50 as if the same were fully set forth at length herein.

52. Defendant Corallo, as a director, controlling shareholder and person in charge of the management of the Company, owed a fiduciary duty to Plaintiff to discharge his duties in good faith, and with that degree of diligence, care and skill that an ordinarily prudent person would exercise under similar circumstances.

53. By his actions as aforesaid, including but not limited to the taking of excessive compensation to the detriment of the Company, preventing Plaintiff from carrying out certain of his responsibilities, excluding Plaintiff from the operations of the Company, and wrongfully terminating Plaintiff, Defendant Corallo has breached his fiduciary duty to Plaintiff.

54. As a result of Defendant's wrongful conduct, Plaintiff has sustained substantial damages.

55. Defendants' actions as aforesaid were wilful, wanton, intentional, deliberate and taken

with the intention of damaging Plaintiff.

WHEREFORE, Plaintiff John Hanson demands Judgment against the Defendants, Rigging Consultants, Inc. and Anthony Corallo, for relief as follows:

A. Compensatory damages of no less than $500,000.00 or such other amount as the Court shall determine;
B. Punitive damages;
C. Imposition of a constructive trust over all income and profits of the Company;
D. Pre-judgment and post-judgment interest;
E. Attorneys' fees;
F. Costs; and
G. Such other and further relief as the Court shall deem equitable and just.

## EIGHTH COUNT
(Corporate Waste)

56. Plaintiff repeats and makes a part hereof each of the allegations set forth in Paragraphs 1 through 55 as if the same were fully set forth at length herein.

57. Defendants Rigging and Corallo wrongfully dissipated and wasted the assets of the Company by expending the same on Corallo's personal expenses, far in excess of the compensation to which he was entitled, and upon information and belief, exposing the Company to tax liabilities.

58. The aforesaid conduct of the Defendants has reduced the value of Plaintiff's stock in the Company.

59. As a result of Defendant's wrongful conduct, Plaintiff has sustained substantial damages.

60. Defendants' actions as aforesaid were wilful, wanton, intentional, deliberate and taken with the intention of damaging Plaintiff.

WHEREFORE, Plaintiff John Hanson demands Judgment against the Defendants, Rigging Consultants, Inc. and Anthony Corallo, for relief as follows:

A.  An accounting of the amount taken by Defendant Corallo in excess compensation;
B.  Imposition of a constructive trust over all income and profits of the Company;
C.  Compensatory damages of no less than $500,000.00 or such other amount as the Court shall determine;
D.  Punitive damages;
E.  Pre-judgment and post-judgment interest;
F.  Attorneys' fees;
G.  Costs; and
H.  Such other and further relief as the Court shall deem equitable and just.

## NINTH COUNT
(Shareholder's Derivative Action)

61. Plaintiff repeats and makes a part hereof each of the allegations set forth in Paragraphs 1 through 60 as if the same were fully set forth at length herein.

62. The actions of Defendant Rigging as set forth in this Complaint, including but not limited to the excessive compensation paid to Defendant Corallo, all inure to the direct benefit of Defendant Corallo.

63. Defendant Corallo, through his control of Defendant Rigging, has caused Rigging to take actions detrimental to Rigging, including but not limited to the payment of excessive compensation to Corallo as aforesaid.

64. Plaintiff has attempted, through his communications with Defendant Corallo, to have Rigging take the appropriate actions and cease its wrongful conduct, but Rigging has refused to do so due to Corallo's interference. Further demands by Plaintiff upon Rigging to cease Corallo's wrongful conduct, or to take any action against Corallo for said conduct, would be futile.

65. Accordingly, Plaintiff is entitled to assert the causes of action set forth in this Complaint on behalf of Rigging, and against Corallo, on a derivative basis, and hereby so asserts said claims.

WHEREFORE, Plaintiff John Hanson, asserting derivative claims on behalf of Rigging, demands Judgment against the Defendant, Anthony Corallo, for relief as follows:

A. An accounting of the amount taken by Defendant Corallo in excess compensation;
B. Imposition of a constructive trust over all income and profits of the Company;
C. Compensatory damages;
D. Punitive damages;
E. Pre-judgment and post-judgment interest;
F. Attorneys' fees;
G. Costs;
H. Such other and further relief as the Court shall deem equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Bruce E. Baldinger, Esq.
THE LAW OFFICES OF BRUCE E. BALDINGER, LLC
365 South Street
Morristown, NJ 07960
908.218.0060
bbaldinger@baldingerlaw.com
Attorney for Plaintiff

Dated: July 22, 2014