**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN HANSON,<br><br>                Plaintiff,<br><br>    v.<br><br>ANTHONY CORALLO and RIGGING<br>CONSULTANTS, INC.,<br><br>                Defendants. | Action No. 2:14-cv-4604 (KSH)(CLW)<br><br>**<u>OPINION & ORDER</u>** |

      Consistent with the Court's Order, ECF No. 63, for expedited briefing on discovery disputes, this matter comes before the Court on the parties' competing submissions. Plaintiff seeks, ECF No. 66, certain discovery while Defendants seek, ECF No. 68, a protective order barring the same in light of the District Judge's Order, ECF No. 54, that New York law governs this action. The Court heard from the parties on January 18 and 23, 2017 and, for the reasons set forth below, declines to enter a protective order and directs the parties to proceed with outstanding discovery.

      Notwithstanding the parties' thorough—and, at times, contentious—written and oral submissions, the issue presented is a straightforward one amenable to swift disposition without prejudging the merits of any claim for corporate dissolution. In short, Defendants resist discovery that extends beyond a certain cut-off date based on Plaintiff's request for dissolution and maintain that, prior to the District Judge's ruling that New York law applies, they actually provided discovery broader in temporal scope than was required as a result of the prospect of the application of New Jersey law. Plaintiff, on the other hand, suggests that his claim for dissolution was inartfully plead, possibly futile, and, in any event, is but one of several claims presented which, taken together, warrant discovery beyond the scope proposed by Defendants.

Plaintiff alleges that this action arises out of his employment at a scaffolding sales and consulting concern, his minority shareholder status, and his eventual termination without cause for objecting to Defendant Corallo's mismanagement and self-dealing. (Compl., ECF No. 1, ¶¶ 4-17.) Plaintiff raises the following personal and derivative claims: minority shareholder oppression; breach of contract; wrongful termination; tortious interference with business relations; refusal to permit inspection of books and records; breach of fiduciary duty; and corporate waste. (Id., ¶¶ 18-65.) In particular, in his claim for shareholder oppression, Plaintiff seeks "[d]issolution of Rigging Consultants, Inc. under the applicable corporate dissolution statute[.]" (Id., First Count, ¶¶ 19-22.)

At the outset, Defendants make clear that they do not oppose "Plaintiff's request for electronic versions, including Bates Stamps, of the financial books and records previously provided for the years 2010, 2011, 2012, 2013, 2014 and 2015." (Letter, ECF No. 68, at 1.) Rather, Defendants oppose Plaintiff's request that they provide "updated books and records beyond the six years of records that have already been provided" because Plaintiff has already received all that to which he was entitled under New York law. (Id.) That is, Defendants assert that "New York law provides a valuation date based upon the date Plaintiff filed his action[]" such that the valuation date is the day before the action was filed—here, July 21, 2014—and such that "dissolution claims entitle Plaintiff to the corporate books and records for the three preceding years." (Id., at 4-5 (citations omitted).) Defendants maintain this position whether Plaintiff seeks statutory or common law dissolution and otherwise characterize Plaintiff's subsequently filed dissolution action in New York Supreme Court, Bronx County, as an attempt to receive a later valuation date. (Id., at 2, 4.)

Plaintiff opposes "any discovery cutoff date whatsoever," and emphasizes that he has presented diverse claims and requests for relief that warrant discovery independent from that which is available in the context of a claim for dissolution. (Letter, ECF No. 66, at 2-6.) In particular,

Plaintiff asserts that, "[v]iewed generally, the Complaint seeks a determination (i) if Mr. Hanson was wrongfully terminated, (ii) how many shares of Rigging Consultants Mr. Hanson owns, and (iii) how much Mr. Hanson is owed, in terms of unpaid distributions (adjusted for Mr. Corallo's waste) and salary [Mr. Hanson] was wrongly denied." (Id., at 3.) Moreover, Plaintiff contends that the instant action "is not a corporate dissolution case" because the Court is not empowered—whether by New York law or common law—to grant such relief. (Id., at 5-6 (citations omitted).)

Turning to the applicable law, as Plaintiff contends, ECF No. 66 at 5-6, a plain reading of the statutes suggests that his request for dissolution was futilely plead because it should have been filed in New York in the manner prescribed by statute. Indeed, the venue provision provides that "[a]n action or special proceeding under this article shall be brought in the supreme court in the judicial district in which the office of the corporation is located[.]" N.Y. Bus. Corp. Law § 1112. And, contrary to the terms of other subsections, the request here was not 1) brought by petition 2) that specifies the statutory provisions and reasons for dissolution and 3) which is accompanied by an order to show cause. See N.Y. Bus. Corp. Law §§ 1104-a, 1105, 1106. Defendants thus find themselves in the odd position of arguing, ECF No. 68 at 4-5, for the vitality of Plaintiff's dissolution claim, and offer the proposition that "the court is afforded broad latitude in fashioning an alternative remedy, such as requiring the buyout of the Petitioner's interest even where the Respondent has not set forth his statutory right to do so under [N.Y. Bus. Corp. Law] § 1118." Zulkofske v. Zulkofske, 36 Misc. 3d 1206(A), 957 N.Y.S.2d 267, at *3 (Sup. Ct. 2012) (citations omitted). It must be recognized, however, that "a federal court may abstain from hearing a case or claim over which it has jurisdiction to avoid needless disruption of state efforts to establish coherent policy in an area of comprehensive state regulation." Friedman v. Revenue Mgmt. of N.Y., Inc., 38 F.3d 668, 670-71 (2d Cir. 1994) (citing Burford v. Sun Oil Co., 319 U.S. 315, 332

(1943) and upholding district court's dismissal based on abstention where complaint sought dissolution under N.Y. Bus. Corp. Law § 1104).

Mindful that "Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances[,]" Forrest v. Corzine, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) (collecting cases), the Court concludes that, based on the parties' arguments and applicable law, two related considerations militate against limiting discovery in the manner sought by Defendants. First, Plaintiff presents six claims for relief and it is apparent that this action is properly characterized as one for breach of contract and wrongful termination, as opposed to one solely seeking dissolution. That is, the complaint concentrates on the former while only briefly and inadequately requesting the latter. It would be harsh and absurd to restrict discovery to a certain period in any action that raises the specter of dissolution without respect to other claims presented. Second, Defendants' request is more amenable to disposition via a motion *in limine*, jury instruction, or the parties' joint final pretrial order. That is, assuming the dissolution claim may be properly adjudicated in federal court and further assuming that some evidence may not properly bear on that claim, then Defendants will have ample opportunity at a later stage to seek such a restriction. To grant Defendants such relief now would deprive Plaintiff of discovery to which he is entitled on the other claims. Thus, Defendants' request is denied and discovery shall proceed consistent with all pending claims.

**ACCORDINGLY, IT IS** on this 15th day of February, 2017,

**ORDERED** that Defendants' request for a protective order is denied; and

**ORDERED** that the Court will hold a teleconference, to be initiated by Plaintiff, on February 17, 2017 at 2:00 PM.


*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**